IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DENNIS SANFORD, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:13-CV-1228-RWS |
| BANK OF AMERICA, N.A. and : | |
| FEDERAL HOME LOAN : | |
| MORTGAGE CORP., : | |
| : | |
| Defendants. : | |

## **ORDER**

This case is before the Court on Defendants' Motion to Dismiss [6] and Plaintiff's Motion for Leave to Amend Complaint [8]. After reviewing the record, the Court enters the following Order.

## **Background**

Plaintiff initiated this action in Clayton County Superior Court on November 26, 2012, seeking relief from an alleged wrongful foreclosure. The suit was removed to federal court.  Plaintiff, acting *pro se* at that time, did not respond to a Motion to Dismiss from Bank of America, N.A. ("BANA"), and United States District Court Judge William Duffey ordered the action dismissed without prejudice on February 20, 2013. ([4-1] Ex. A).

On March 8, 2013, Plaintiff re-filed his Complaint in state court through counsel.  Then, on March 13, 2012, Plaintiff filed an Amended Complaint [4-1] adding Federal Home Loan Mortgage Corporation ("Freddie Mac") as a defendant.  Defendants timely removed the second suit to this Court pursuant to 28 U.S.C. § 1332(a) based on diversity of citizenship jurisdiction. ([1-3]).

The facts in this case are largely undisputed. On October 9, 2007, Plaintiff entered into a mortgage refinance transaction with Capital One Home Loans ("Capital One") for the residential property located at 9292 Jordan Mill Trail, Jonesboro, Georgia ("Property"). ([1-1] ¶ 5). Plaintiff contemporaneously executed a promissory note in favor of Capital One and a security deed naming Mortgage Electronic Registration Systems, Inc. ("MERS") as grantee and nominee for Capital One. ([6-3]). The security deed was properly recorded in Clayton County's real estate records. ([6-3]). MERS subsequently assigned the security deed to BAC Home Loans Servicing, LP, which merged with and into BANA on July 1, 2011. ([4-1] ¶ 8). The assignment from MERS to BAC Home Loans Servicing, LP was recorded on June 15, 2011. ([1-1] ¶ 9).

At some point, Plaintiff defaulted on his loan and BANA initiated non-judicial foreclosure proceedings.  BANA sent Plaintiff a notice of foreclosure

2

sale on May 3, 2012, and foreclosed on the Property on August 2, 2012. Freddie Mac bought the Property and is seeking to have Plaintiff evicted. ([4-1] ¶ 27).

Plaintiff requests temporary and permanent injunctive relief to set aside the foreclosure sale and enjoin eviction proceedings. He also moves for leave to amend his Amended Complaint. Defendants move to dismiss Plaintiff's suit under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted.

## Discussion

**I.     Defendants' Motion to Dismiss**

A.     Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d). However, documents attached to a complaint are considered part

4

of the complaint.  Fed. R. Civ. P. 10(c).  Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim.  D.L. Day, 400 F.3d at 1276.  At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)).  "'Undisputed' means that the authenticity of the document is not challenged."  Id.

B.  Analysis

First, the Court agrees with Defendants that Plaintiff has failed to satisfy Rule 8's pleading standard as to Freddie Mac.  The Amended Complaint contains no allegations of wrongdoing against Freddie Mac except the conclusory statement that it is "seeking, through illegal and unlawful means without satisfying the necessary legal standing requirements to institute a foreclosure, take possession, custody, and control of the Property."  (Am. Compl., [4-1] ¶ 27.)  Plaintiff has failed to supply any factual basis for this claim and consequently, his suit is **DISMISSED** against Freddie Mac.

5

Plaintiff's claim for wrongful foreclosure against BANA is based on three theories: (1) invalid assignment of the security deed; (2) improper notice under O.C.G.A. § 44-16-162.2; and (3) BANA's lack of authority to foreclose as a non-secured creditor. (See generally, Am. Compl., [4-1]; Pl.'s Resp. Br., [7].) The Court finds that each of these arguments lacks merit.

"As a general rule, an action on a contract . . . shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent." O.C.G.A. § 9-2-20(a). The assignment at issue here is a contract between MERS and BAC Home Loans (now BANA). Plaintiff was neither a party to that contract nor a third-party beneficiary under it. Therefore, Plaintiff lacks standing to challenge the validity of that contract. See Montgomery v. Bank of Am., 740 S.E.2d 434, 438 (Ga. Ct. App. 2013) (mortgagor lacks standing to contest validity of assignment where assignment contract is between two other parties).

Plaintiff's second and third arguments were rejected by the Georgia Supreme Court in You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428 (Ga. 2013). Plaintiff's primary contention is that BANA was not the secured

6

creditor[1] and thus did not have authority to send the notice of foreclosure under O.C.G.A. § 44-16-162.2 or to foreclose on the Property. (See generally, Am. Compl., [4-1]; Pl.'s Resp. Br., [7].) However, as the You court explained, "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." 743 S.E.2d at 433. Furthermore, under You, O.C.G.A. § 44-16-162.2's notice requirement is satisfied if the notice identifies the individual or entity with full authority to negotiate, amend, and modify the terms of the mortgage, regardless of whether that entity is a secured creditor, note holder, deed holder, or none of the above. Id. at 433-34. Plaintiff makes no claim that this entity was not identified in the notice he received; instead, he relies entirely on his allegation that BANA was not a secured creditor. But Plaintiff's arguments

---

[1] Plaintiff's claim that BANA was not a secured creditor is based on his allegation that "BAC was neither the holder of the promissory note nor the grantee of the security deed." (Am. Compl., [4-1] ¶ 14.) The fact that BANA did not hold the promissory note is immaterial after the You decision. Further, Plaintiff admits in his Amended Complaint that the security deed was assigned from MERS to BAC Home Loans, and the assignment was recorded on June 15, 2011. (Id. ¶¶ 8-9.) Therefore, Plaintiff's apparent assertion that BAC (later BANA) did not hold the security deed is contradicted by his own statements.

7

regarding BANA's non-secured creditor status are simply insufficient to support a claim for wrongful foreclosure under Georgia law.

To obtain temporary injunctive relief, Plaintiff must show a substantial likelihood of success on the merits of the underlying case. Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246 (11th Cir. 2002). For permanent injunctive relief, Plaintiff must show actual success on the merits. For the reasons stated above, Plaintiff has not satisfied either standard. Accordingly, Plaintiff's request for injunctive relief is denied and Defendants' Motion to Dismiss is **GRANTED**.

## II.    Plaintiff's Motion for Leave to Amend

Plaintiff requests leave to amend his Amended Complaint to "specify his claims." (Pl.'s Mot. to Amend, [8] at 4 of 7.) While it is true that leave to amend should be freely given under Rule 15(a), a motion to amend "may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." Chen v. Lester, 364 Fed. App'x 531, 538 (11th Cir. 2010). "An amendment is futile where the amended complaint would still be subject to dismissal." Id.

8

The Court finds that Plaintiff's proposed amendments are futile.  First, the proposed amendments contain no additional substantive allegations to support Plaintiff's claim for wrongful foreclosure against BANA or Freddie Mac.  (<u>See generally</u> Pl.'s Proposed Am. Compl., [8-1].)  Second, although the proposed amendments contain new references to California law, an alleged loan modification, and the Fair Debt Collection Practices Act, they are devoid of any factual context to support a plausible claim for relief.  Plaintiff's Motion for Leave to Amend Complaint is therefore **DENIED**.

### Conclusion

In accordance with the foregoing, Defendants' Motion to Dismiss [6] is **GRANTED** and Plaintiff's Motion for Leave to Amend Complaint [8] is **DENIED**.

**SO ORDERED**, this   31st   day of October, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)